FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **RICHARD A. LEAVITT,** | No. 12-35427 |
| Petitioner - Appellant, | D.C. No. 1:93-cv-00024-BLW |
| v. | |
| **A. J. ARAVE**, | **OPINION** |
| Respondent - Appellee. | |

| | |
|---|---|
| **RICHARD A. LEAVITT**, | No. 12-35450 |
| Petitioner - Appellant, | D.C. No. 1:93-cv-00024-BLW |
| v. | |
| **A. J. ARAVE**, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted June 7, 2012
Pasadena, California

Filed June 8, 2012

Before:    **KOZINSKI**, Chief Judge, **REINHARDT** and **BERZON**, Circuit Judges.

**PER CURIAM**:

Richard Leavitt is a convicted murderer who was sentenced to death by the state of Idaho. **ER 3 (No. 12-35450)**. We have dealt with his case on two prior occasions. See Leavitt v. Arave, 383 F.3d 809 (9th Cir. 2004) (Leavitt I); Leavitt v. Arave, 646 F.3d 605 (9th Cir. 2011) (Leavitt II). Subsequent to our last decision the Supreme Court denied certiorari, ending his habeas suit. **ER 11 (No. 12-35450).**

Leavitt now seeks relief under Federal Rule of Civil Procedure 60(b), claiming that Martinez v. Ryan, 132 S. Ct. 1309 (2012), renders him eligible to pursue ineffective assistance of counsel claims on which he had ostensibly defaulted. In a separate case, Leavitt petitions the district court to order the Blackfoot Police Department to send evidence related to his crime to a lab for forensic testing. **Blue br. at 3 (No. 12-35427).**

The district court denied relief in both cases. **ER 3 (No. 12-35450); ER 3 (No. 12-35427).** Leavitt appeals.

**1. 12-35450 (Martinez Claim)**. In order to bring a successful Martinez claim, "a prisoner must . . . demonstrate that the underlying ineffective-assistance-

of-trial-counsel claim is a substantial one . . . ." <u>Martinez</u>, 132 S. Ct. at 1319. Under <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668, 687 (1994), an ineffective assistance claim would require Leavitt to prove his trial attorneys' performance was both "deficient" and "prejudicial" to his defense. "There may be cases where the record is devoid of sufficient information necessary to evaluate whether [post-conviction relief] counsel was ineffective [in failing to raise such a claim] and, as a result, remand under <u>Martinez</u> would be necessary. However, . . . that is not the case here." <u>Sexton</u> v. <u>Cozner</u>, No. 10-35055, 2012 WL 1760304, at *9 (9th Cir. May 14, 2012).

Leavitt argues that his trial counsel was deficient in failing to object to prosecutorial misconduct at trial. **Blue br. 17–19 (No. 12-35450).** We have previously addressed this claim on the merits and held that, even if one of the prosecutors' actions "deviat[ed] from propriety," it was "not enough to make any difference in the result." <u>Leavitt I</u>, 383 F.3d at 835. Therefore, even if trial counsel was ineffective in failing to challenge the prosecutor's actions, no prejudice resulted from such ineffectiveness.

Leavitt also claims his trial counsel should have objected to testimony from Leavitt's former girlfriend that he had once displayed a knife immediately before the two had sex. **Blue br. 17–19 (No. 12-35450).** He admits, however, that we

previously found this evidence standing alone to be "harmless." See **blue br. 20 (No. 12-35450);** Leavitt I, 383 F.3d at 829. Therefore, even if Leavitt's trial counsel was deficient under Strickland when he failed to object, this did not prejudice Leavitt's case.

Leavitt further contends that his trial counsel was deficient when he acquiesced in six reasonable doubt and presumption of innocence instructions that misstated the law. **Blue br. 11–17 (No. 12-35450).** However, we previously reviewed five of the six instructions on the merits and rejected Leavitt's challenges. Leavitt I, 383 F.3d at 821–22. An instruction identical to the only other instruction was found not to be a constitutional violation when read "in the context of the instructions [read in that case] overall." Rhoades v. Henry, 638 F.3d 1027, 1044–45 (9th Cir. 2011); see also Leavitt I, 383 F.3d at 820 ("[R]easonable jurists in 1989 [, the year the Idaho Supreme Court handed down its decision in Leavitt's state case,] would still not have felt compelled by [Ninth Circuit caselaw] to find that [the jury instruction] was constitutional error . . . ."). Leavitt's counsel's failure to object was not deficient under Strickland.

Finally, Leavitt claims his trial attorneys erred by failing to have his expert witness testify that two of the blood samples found together at the scene of the crime had not mixed and thus were not deposited at the same time. **Blue br. 2–11**

**(No. 12-35450).** "The choice of what type of expert to use is one of trial strategy and deserves a 'heavy measure of deference.'" Turner v. Calderon, 281 F.3d 851, 876 (9th Cir. 2002). Leavitt's trial attorneys apparently decided not to call Leavitt's expert to the stand because most of his testimony would have corroborated the government's. Regardless, the failure to introduce the testimony of Leavitt's expert witness doesn't rise to the level of Strickland prejudice, which requires a showing of a "reasonable probability . . . [that] the result of the proceeding would have been different" if not for the attorney's errors. Strickland, 466 U.S. at 694. As the district court stated, "Leavitt has pointed to no other evidence tending to show that a significant amount of time must have elapsed between the deposit of the two blood types on the clothing." Memorandum Decision and Order, Leavitt v. Arave, No. 1:93-cv-0024 (D. Idaho June 1, 2012). And, the state produced other evidence that Leavitt had left his blood at the crime scene at the time of the killing. Id.

2. **No. 12-35427 (Testing Claim).** Leavitt also asks the district court to compel the Blackfoot Police Department to submit for forensic testing blood samples taken from the crime scene. He concedes that the testing motion "addresses primarily concerns with clemency proceedings." **Blue br. at 9 (No. 12-**

**35427).** He argues the district court has jurisdiction to provide discovery in support of his pending Rule 60(b) motion in his habeas case. He has not shown good cause for such a discovery request, however, as he has not explained how the testing that he seeks would substantiate his underlying claim that his trial counsel was ineffective in failing to obtain appropriate testimony from his serology expert.

As to clemency, Leavitt argues that the district court has jurisdiction to grant the testing motion under 18 U.S.C. § 3599(f), so he can use it in support of his state clemency petition. But, section 3599(f) provides for "nothing beyond . . . funding power" and doesn't "empower the court to order third-party compliance" with Leavitt's attorneys' investigations. See Baze v. Parker, 632 F.3d 338, 342–43 (6th Cir. 2011).

**AFFIRMED.**

**Counsel**

David Z. Nevin, Nevin, Benjamin, McKay & Bartlett LLP, Boise, ID and Andrew Parnes,  Ketchum, ID for appellant Richard A. Leavitt.

Lawrence G. Wasden, L. LaMont Anderson, Alan G. Lance and Jessica Marie Lorello, Idaho Attorney General's Office, Boise, ID, for appellee A.J. Arave.