NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-56463 |
| Plaintiff-Appellee, | D.C. No. 2:14-cv-04504-SJO-RZ |
| v. | |
| RUDRA SABARATNAM, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| MUFTHIHA SABARATNAM, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Rudra Sabaratnam appeals pro se from the district court's summary

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judgment for the United States in its action to reduce to judgment Sabaratnam's tax liabilities. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Baccei v. United States*, 632 F.3d 1140, 1144 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment as to Sabaratnam's trust fund penalties for tax year 2000 because Sabaratnam failed to raise a genuine dispute of material fact as to whether the assessments of these penalties were untimely. *See* 26 U.S.C. § 6501(a) (Internal Revenue Service must assess a tax liability within three years after a return is filed); *id.* at § 6672(b)(3)(B) (where a protest to a notice informing taxpayer of penalties is made, the statute of limitations is extended until 30 days after the final administrative determination with respect to that protest); *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

In light of our disposition, we do not reach Sabaratnam's remaining contentions.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-56463