# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2376

_____

Charles Russell Rhines

*Petitioner - Appellant*

v.

Darin Young, Warden, South Dakota State Penitentiary

*Respondent - Appellee*

------------------------------

American Civil Liberties Union; American Civil Liberties Union of South Dakota;
GLBTQ Legal Advocates and Defenders; Lambda Legal Defense and Education
Fund; National Center for Lesbian Rights; National LGBT Bar

*Amici on Behalf of Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Rapid City
_____

Submitted: September 26, 2019
Filed: October 25, 2019
[Published]
_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.
_____

PER CURIAM.

Charles Russell Rhines is an inmate at the South Dakota State Penitentiary, sentenced to death for the March 1992 murder of Donnivan Schaeffer at a donut shop in Rapid City, South Dakota. Rhines has exhausted all direct appeals and applications for state and federal post-conviction relief. See Rhines v. Young, 899 F.3d 482 (8th Cir. 2018). As briefed to this court in the fall of 2018 and argued to our panel in September, this appeal raises the question whether the district court erred in concluding that it has no authority under 18 U.S.C. § 3599 and the All Writs Act, 18 U.S.C. § 1651(a), to order South Dakota prison officials "to allow Rhines to meet with mental health experts retained by appointed counsel *for purposes of preparing a clemency application*."

Following oral argument, a majority of the panel tentatively concluded that we should affirm the district court. However, circumstances underlying the issue have changed, and we conclude that a decision on this narrow issue is no longer needed. We were advised by counsel for appellee earlier this year (i) that the South Dakota Board of Pardons and Paroles denied Rhines's petition for clemency in December 2018, and (ii) that the Circuit Court for the 7th Judicial Circuit of South Dakota has issued a warrant for Rhines's execution during the week of November 3-9, 2019. Whether Rhines deserves clemency is now properly in the hands of the Governor.

South Dakota law grants the Governor broad constitutional and statutory clemency authority. See Doe v. Nelson, 680 N.W.2d 302, 313 (S.D. 2004). Rhines has begun the statutory process under S.D.C.L. § 24-14. The Governor may consider any and all evidence she deems necessary to make her final decision, including the absence of relevant expert evaluations and tests. The Supreme Court has cautioned that, while "some minimal procedural safeguards apply to clemency proceedings," judicial intervention in state clemency proceedings is warranted only in rare, extreme cases. Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 289 (1998) (O'Connor,

J., concurring in part and concurring in the judgment). At the present time, with South Dakota clemency proceedings commenced and the time for granting or denying imminent, the issues raised by Rhines in this appeal are either moot or have not been fully exhausted. Accordingly, we dismiss the appeal.

KELLY, Circuit Judge, concurring.

The question presented to us in this case was whether a federal court has the authority to compel the State of South Dakota to allow Rhines access to mental health experts retained by his appointed counsel for purposes of preparing a clemency application. Based on the record before us, however, it appears that Rhines has not fully exhausted his clemency-based remedies.

The South Dakota constitution grants the Governor the pardon power, S. D. Const. art. IV, § 3, but the state's statutory scheme permits the Governor to delegate to the Board of Pardons and Paroles the authority to hear such applications. See Doe, 680 N.W.2d at 313 (South Dakota has a "two-pronged pardon system: a pardon granted by the Governor with input from the Board . . . or a pardon granted solely by the Governor with no outside involvement . . . ."). The parties have informed us that in December 2018 the Board declined to recommend Rhines for clemency. Thus, as the court notes, whether Rhines is deserving of clemency is now properly in the hands of the Governor.

The parties have identified no impediments to Rhines's asking the Governor to allow him access to his mental health experts, either in the course of considering the Board's failure to recommend clemency or in connection with a clemency request made directly to the Governor. It thus appears that Rhines still has an opportunity to seek and obtain relief by means of the State's statutory and/or constitutional framework. For this reason, I concur in the court's judgment.

_____