# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-3175
_____

Michael A. Tisius

*Petitioner - Appellee*

v.

David Vandergriff, Warden

*Respondent - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 3, 2022
Filed: December 19, 2022
_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Michael Tisius was sentenced to death in 2001 for killing Sheriff's Deputies Jason Acton and Leon Egley during an attempted jail break. The State of Missouri will soon schedule Tisius's execution, as he has exhausted state and federal review of his convictions. See Tisius v. Blair, No. 21-1682, 2021 WL 9528147 (8th Cir. Nov. 9, 2021); Tisius v. Blair, No. 21-8153, 2022 WL 4653572 at *1 (Oct. 3, 2022).

In early August 2022, appointed counsel, consistent with 18 U.S.C. § 3599, submitted a post-habeas budget for court approval. Two weeks later, on August 17, 2022, Tisius filed an *ex parte* sealed motion for an order directing the Warden to facilitate or transport Tisius to the hospital for medical testing in furtherance of his state clemency case. Tisius asserted that even though he was not requesting any funding for the testing or transportation expenses, the district court was vested with authority under 18 U.S.C. § 3599 to grant his request because § 3599 authorizes federally appointed counsel to represent defendants in state clemency proceedings and post-habeas counsel is obligated to zealously represent clients in the same manner as habeas counsel. About a month later, Tisius, relying on the same authority, filed another *ex parte* sealed motion in preparation for his clemency case—this time requesting that the court authorize a doctor to conduct bone-lead level testing on Tisius, either in a private room in the prison or at another secure location of the prison's choosing. The next day the district court granted the *ex parte* motion for bone-lead level testing. A few days later, the district court entered an *ex parte* sealed order directing the Warden and Missouri Department of Corrections to transport Tisius to the hospital on October 24, 2022, at 6:00 a.m. for medical testing.

The State moved the district court to vacate and stay its orders, but before the district court ruled on the motions, the State appealed to this court and we granted a stay of the district court proceedings and expedited the state's appeal of the *ex parte* orders. "We review questions of subject-matter jurisdiction *de novo*" Cross v. Fox, 23 F.4th 797, 800 (8th Cir. 2022) (quotation omitted), "[a]nd whether 18 U.S.C. § 3599 grants district courts jurisdiction to compel state officials to act is a question of subject-matter jurisdiction." Beatty v. Lumpkin, 52 F.4th 632, 634 (5th Cir. 2022) (citing Ayestas v. Davis, 584 U.S. —, 138 S. Ct. 1080, 1088–92 (2018) (holding that section 3599 grants courts judicial, not administrative, power), and Lujan v. Defs. of Wildlife, 504 U.S. 555, 559 (1992) (explaining that the extent of the federal judicial power is a jurisdictional question)).

After careful review of the briefs and the parties' arguments, we conclude that 18 U.S.C. § 3599 does not permit the district court to compel state officials to act in furtherance of state clemency proceedings. While the Supreme Court has recognized

that § 3599 authorizes federally appointed counsel to represent a death penalty defendant in related state court clemency proceedings, Harbison v. Bell, 556 U.S. 180, 193 (2009), nothing in the statute or the developed case law supports Tisius's claim that § 3599 gives the district court authority to provide the relief he requested. A majority of the panel in Rhines v. Young, 941 F.3d 894, 895 (8th Cir. 2019), tentatively concluded that we should affirm a district court's conclusion that it lacked authority under 18 U.S.C. § 3599 and the All Writs Act, 28 U.S.C. § 1651(a), to order South Dakota prison officials to allow an inmate sentenced to death to meet with experts retained by appointed counsel for the purposes of preparing a clemency application. Because of subsequent developments, we concluded a decision on this issue was no longer necessary and found the issues on appeal moot or unexhausted. Id. at 895-96. We now join the other circuits that have held § 3599 is a funding statute, not a mechanism that grants federal courts authority to oversee and compel state officials to act in furtherance of clemency proceedings. See Beatty v. Lumpkin, 52 F.4th at 634–35 (noting § 3599 does not allow a district court to "oversee the implementation of 'reasonably necessary' services by ordering state officials to comply with prisoners' requests related to such services"); Bowles v. DeSantis, 934 F.3d 1230, 1242–44 (11th Cir. 2019) (explaining there is no federal constitutional right to state clemency and federal judges have no general supervisory power over state officials except when necessary to assure compliance with the United States Constitution); Leavitt v. Arave, 682 F.3d 1138, 1141 (9th Cir. 2012) (stating § 3599 provides nothing beyond funding power and does not empower the court to order third-party compliance); Baze v. Parker, 632 F.3d 338, 342–43 (6th Cir. 2011) (same).

Section 3599's authorization for funding neither confers nor implies an additional grant of jurisdiction to order state officials to act to facilitate an inmate's clemency application. We therefore vacate the district court's orders directing state officials to transport or facilitate testing for purposes of Tisius's clemency case. Because argument would not be helpful or assist us in analyzing this issue of statutory interpretation, Tisius's request for oral argument is denied.

_____